MEMORANDUM
 

 FLOYD R. GIBSON, Senior Circuit Judge.
 

 Gladys Marie Andrews has presented an untimely motion to this court to dismiss the direct appeal from the bankruptcy court by the South Dakota Loan Assistance Corporation (SDLAC) in her bankruptcy action. Andrews argues that the SDLAC did not file its notice of appeal within the ten-day time limit prescribed by Rule of Bankruptcy Procedure 802(a). We find Rule 802(a) inapplicable to direct appeals to this court from the bankruptcy court. The proper time limit is governed by the thirty-day period prescribed in section 405(c)-(d) of title IV of the Bankruptcy Reform Act of 1978, Pub.L. No. 95-598, tit. IV, § 405(c)-(d), 92 Stat. 2549, 2685 (1978), and Eighth Circuit Rule 20 incorporating Federal Rule of Appellate Procedure 4(a).
 

 
 *234
 
 I.
 

 On April 8, 1980, Gladys Marie Andrews filed a petition for bankruptcy in the United States Bankruptcy Court for the District of South Dakota. On August 1, 1980, the bankruptcy court granted Andrews a hardship discharge of a federally insured student loan. On August 26, (within the ambit of the thirty-day rule), SDLAC filed a notice of direct appeal, by agreement with Andrews, to the United States Court of Appeals for the Eighth Circuit in the bankruptcy court. On November 10, 1980, Andrews filed with this court a motion to file an untimely motion to dismiss the direct appeal. On November 12, SDLAC presented a memorandum in response to Andrews’ motion to dismiss.
 

 II.
 

 Eighth Circuit Rule 9(b) requires that “[a] motion to dismiss based on jurisdictional grounds must be filed within fifteen (15) days after the appeal has been docketed in this court.” Andrews, by a period of approximately two months, has failed to comply with this rule. In addition, the SDLAC has already filed its brief with this court going to the merits. Furthermore, Andrews’s motion is based on the grounds of an untimely joint filing by both her and the SDLAC of a notice of direct appeal to the circuit court from the bankruptcy court. This court may waive the time limits for failure to file Andrews’s motion for dismissal on jurisdictional grounds if good cause is shown.
 
 Id.
 
 Andrews herself has not shown “good and sufficient reasons for the failure to file the motion within the 15 day period [of Rule 9(b)].”
 
 South Omaha Terminal Railway Co. v. Armour and Co.,
 
 449 F.2d 1265, 1265 n.1 (8th Cir. 1971). This court, however, may “on its own motion” waive the time limits. 8th Cir.R. 9(b). Due to the importance of providing precise guidance to the parties regarding the time limits for filing a notice of direct appeal to the United States Court of Appeals from the bankruptcy court, we will pass upon the merits of Andrews’ motion.
 

 III.
 

 The Bankruptcy Reform Act of 1978 made numerous substantive changes in the structure and operation of the bankruptcy courts. Section 405 of title IV of the Act provides for the jurisdiction and procedure to be used during the transition period from October 1, 1979, to April 1,1984. The relevant provisions regarding direct appeal are the following:
 

 JURISDICTION AND PROCEDURE DURING TRANSITION
 

 Sec. 405(a)(1) All cases commenced under title 11 of the United States Code during the transition period shall be referred to the United States bankruptcy judges. * * *
 

 ******
 

 (c)(1) During the transition period, an appeal from a judgment, order, or decree of a United States bankruptcy judge shall be—
 

 ******
 

 (B) if the parties to the appeal agree to a direct appeal to the court of appeals for such circuit, then to such court of appeals; or
 

 (C) to the district court for the district in which the bankruptcy judge sits.
 

 (2) During the transition period, the jurisdiction of the district courts, the courts of appeals, and panels of bankruptcy judges to hear appeals shall be the same as the jurisdiction of such courts and panels granted
 
 under the amendments made by sections 236,
 
 237, 238, and 241 of this Act to hear appeals from the judgments, orders, and decrees of the bankruptcy courts established under section 201 of this Act.
 

 (d) The rules prescribed under section 2075 of title 28 of the United States Code and in effect on September 30,1979, shall apply to cases under title 11, to the extent not inconsistent with the amendments made by this Act, or with this Act, until such rules are repealed or superseded by rules prescribed and effective un
 
 *235
 
 der such section,
 
 as amended by section 248 of this Act.
 

 Bankruptcy Reform Act of 1978, Pub.L. No. 95-598, tit. IV, § 405, 92 Stat. 2549, 2685 (1978) (emphasis added).
 

 Section 236(a) provides:
 

 Chapter 83 of title 28 of the United States Code is amended by inserting immediately after section 1292 the following:
 

 “§ 1293. Bankruptcy appeals
 

 “(a) The courts of appeals shall have jurisdiction of appeals from all final decisions of panels designated under section 160(a) of this title.
 

 “(b) Notwithstanding section 1482 of this title, a court of appeals shall have jurisdiction of an appeal from a final judgment, order, or decree of an appellate panel created under section 160 or a District court of the United States or from a final judgment, order, or decree of a bankruptcy court of the United States if the parties to such appeal agree to a direct appeal to the court of appeals.” Section 248 provides:
 

 Section 2107 of title 28 of the United States Code is amended—
 

 (1) by inserting “or the bankruptcy court” immediately after “district court”; and
 

 (2) by striking out the final paragraph.
 

 Id.
 
 at tit. II, §§ 236(a), 248, 92 Stat. at 2667, 2672.
 

 Title 28 U.S.C. § 2107 (Supp. II 1978) limits the statutory jurisdiction of the United States Courts of Appeals to actions in which a notice of appeal is filed within thirty days after the original judgment.
 
 [1]
 
 Federal Rule of Appellate Procedure 4(a) provides that a notice of appeal from the district court to the court of appeals must be filed within thirty days.
 
 [2]
 
 In Eighth Circuit Rule 20,
 
 as amended
 
 February 1, 1980,
 
 [3]
 
 Fed.R.App.P. 4 was applied to appeals by agreement directly to this court from the bankruptcy court under 28 U.S.C. § 1293(b) (Supp. II 1978).
 

 It is clear, therefore, that this court has taken the thirty-day time limit, found in Fed.R.App.P. 4, for filing notice of appeal, and extended it to direct appeals by agreement from the bankruptcy court during the transition period. Andrews’s argument that Federal Bankruptcy Rule 802’s requirement of a ten-day limit should apply on
 
 *236
 
 filing a notice of appeal
 
 [4]
 
 is incorrect. Section 405(d) of title IV of the Bankruptcy Reform Act of 1978,
 
 ante
 
 at 234, provides that the bankruptcy rules should apply only to the extent that they are “not inconsistent with the amendments made by this Act, * * * as amended by section 248 of this Act.”
 
 See
 
 S.Rep. No. 989, 95th Cong., 2d Sess. 20,
 
 reprinted in
 
 [1978] U.S.Code Cong. & Ad.News, pp. 5787, 5806. The ten-day limit of Federal Bankruptcy Rule 802 is clearly inconsistent with the thirty-day limit of 28 U.S.C. § 2107, as amended by section 248 and Eighth Circuit Rule 20 incorporating Fed.R.App.P. 4 in direct appeals from the bankruptcy court under 28 U.S.C. § 1293(b) as provided in section 236(a).
 
 [5]
 

 Finally, we note that some of the confusion over the procedure to be followed during the transition period arises from the effective date provisions found under the transition title. The Bankruptcy Reform Act of 1978, Pub.L. No. 95-598, tit. IV, § 402(a)-(b), 92 Stat. 2549, 2682, provides:
 

 EFFECTIVE DATES
 

 Sec. 402(a) Except as otherwise provided in this title, this Act shall take effect on October 1, 1979.
 

 (b) Except as provided in subsections (c) and (d) of this section, the amendments made by title II of this Act shall take effect on April 1, 1984.
 

 Both the United States Code, title 28 (Supp. II 1978), and West Publishing Company’s
 
 United States Code Annotated,
 
 title 28 (Supp.1980), interpret the amendments dealing with direct appeals from the bankruptcy courts to the courts of appeals to be effective on April 1, 1984, under section 402(b). Section 402(a), however, is the appropriate section to be looked to, since section 405 sets out the explicit jurisdiction and procedure to be applied during transition. Section 405,
 
 ante
 
 at 4, therefore controls the effective date of the relevant amendments which went into effect on October 1, 1979, the beginning of the transition period.
 

 Motion denied.
 

 [1]
 

 . 28 U.S.C. § 2107 provides in part:
 

 Except as otherwise provided in this section no appeal shall bring any judgment, order or decree in an action, suit or proceeding of a civil nature before a court of appeals for review unless notice of appeal is filed, within thirty days after the entry of such judgment, order or decree.
 

 The district court or the bankruptcy court may extend the time for appeal not exceeding thirty days from the expiration of the original time herein prescribed, upon a showing of excusable neglect based on failure of a party to learn of the entry of the judgment, order or decree.
 

 [2]
 

 . Federal Rule of Appellate Procedure 4(a) provides in part:
 

 (1)In a civil case in which an appeal is permitted by law as of right from a district court to a court of appeals the notice of appeal required by Rule 3 shall be filed with the clerk of the district court within 30 days after the date of entry of the judgment or order appealed from; * * *.
 

 [3]
 

 . Eighth Circuit Rule 20 provides:
 

 (a) Rules 2-4, 7, 8, 10-12, 24-46 of the Federal Rules of Appellate Procedure apply to appeals by agreement directly to this court under 28 U.S.C. § 1293(b), except that:
 

 (1) The references in the Federal Rules of Appellate Procedure to “the district court” and “clerk of the district court” shall be read as “the bankruptcy court” and “clerk of the bankruptcy court.” ■
 

 (2) The last sentence of Rule 3(c), “Form 1 in the Appendix of Forms is a suggested form of notice of appeal,” is deleted.
 

 (3) The reference in Rule 4(a)(4) to “Federal Rules of Civil Procedure” shall be read as “Federal Rules of Civil Procedure, when applicable to an action before a bankruptcy judge,” and the reference in Rule 4(a)(6) to “Rules 58 and 79(a) of the Federal Rules of Civil Procedure” shall be read as a reference to “Bankruptcy Rule 921.”
 

 (b) The notice of appeal required to be filed under Rule 3(a) of the Federal Rules of Appellate Procedure shall conform substantially to the form appended to this rule.
 

 (c) The Rules of this Court now in effect, or as later amended, shall apply to appeals by agreement to this Court under 28 U.S.C. § 1293(b).
 

 [4]
 

 . Federal Rule of Bankruptcy Procedure 802(a) provides:
 

 The notice of appeal shall be filed with the referee within 10 days of the date of the entry of the judgment or order appealed from. If a timely notice of appeal is filed by a party, any other party may file a notice of appeal within 10 days of the date on which the first notice of appeal was filed, or within the time otherwise prescribed by this rule, whichever period last expires.
 

 [5]
 

 . An official note to Interim Federal Rule of Bankruptcy Procedure 8002 (West pamp. 1979) agrees with this conclusion. It provides in part:
 

 Appeals directly to the courts of appeals pursuant to 28 U.S.C. § 1293(b) are governed by 28 U.S.C. § 2107, which requires the notice of appeal to be filed within 30 days, and the Federal Rules of Appellate Procedure.
 

 Courts of appeals are not included within the definition of appellate court because appeals by agreement directly to the courts of appeals under 28 U.S.C. § 1293(b) are governed by the Federal Rules of Appellate Procedure.