SKELTON, Senior Judge.
 

 This is a bankruptcy case. The facts are not in dispute and are generally as follows. Originally three debtors, Charles S. Christopher, Jonathan Kutner, and Samuel Marvin Rosenthal filed petitions in bankruptcy in the United States Bankruptcy Court for the Northern District of Texas, Dallas Division, on October 3,1979, under Chapter 13 of the new Bankruptcy Code (the Code) enacted by Congress on November 6,1978, as Public Law 95-598, 92 Stat. 2549,11 U.S.C., effective October 1, 1979.
 
 [1]
 
 This code replaced
 
 *1109
 
 the Bankruptcy Act (the Act) of 1898. In order to be eligible for relief under Chapter 13, the debtors had to comply with 11 U.S.C. § 109(a) and (e) which provide in pertinent part as follows:
 

 § 109. Who may be a debtor ■ ■
 

 (a) Notwithstanding any other provision of this section, only a person that resides in the United States, or has a domicile, a place of business or property in the United States, or a municipality, may be a debtor under this title.
 

 * * * »te * *
 

 (e) Only an individual with regular income that owes, on the date of the filing of the petition, noncontingent, liquidated, unsecured debts of less than $100,000 and noncontingent, liquidated, secured debts of less than $350,000, or an individual with regular income and such individual’s spouse, except a stockbroker or a commodity broker, that owe, on the date of the filing of the petition, noncontingent, liquidated, unsecured debts that aggregate less than $100,000 and noncontin-gent, liquidated, secured debts of less than $350,000 may be a debtor under chapter 13 of this title.
 

 The part of Section 109 that is material to the instant case is the provision that the debtor “owes, on the date of the filing of the petition, noncontingent, liquidated, unsecured debts of less than $100,000.” All of the above debtors owed more than $100,-000 of such unsecured debts on the date they filed their petitions, but this fact was not shown on the face of the petitions. The schedules attached to their petitions showed that on such date they owed the following respective amounts of unsecured debts: Christopher, $2,543,546.60, Kutner, $3,724,-624.98, and Rosenthal, $1,215,317.64.
 

 On October 4, 1979, the United States Trustee appointed Daniel C. Stewart as a standing trustee (the trustee) in these cases in accordance with 11 U.S.C. § 1501, 28 U.S.C. § 586(b) and 11 U.S.C. § 151302. Upon investigating the schedules attached to the petitions of the debtors, as well as their financial affairs, the trustee discovered that each of the debtors had listed most of their unsecured debts as contingent when they were actually noncontingent and liquidated. As a result, each of the debtors owed more than $100,000 in unsecured debts. On October 9,1979, the trustee filed a request with the bankruptcy judge (the judge) under 11 U.S.C. § 1307(c) to convert the cases to proceedings under Chapter 7 of Title 11 for the reason that each of the debtors was ineligible to file a petition under Chapter 13. The respective debtors moved to strike the application of the trustee upon the ground that, he was not a party in interest under Chapter 13, Section 1307(c) of the Code, and consequently had no standing to file the conversion application. Section 1307(c) provides as follows:
 

 § 1307. Conversion or dismissal
 

 * * * * * *
 

 (c) Except as provided in subsection (e) of this section,
 
 on request of
 
 a
 
 party in interest
 
 and after notice and a hearing, the court may convert a case under this chapter to a case under chapter 7 of this title, or may dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause, including—
 

 (1) unreasonable delay by the debtor that is prejudicial to creditors;
 

 (2) nonpayment of any fees and charges required under chapter 123 of title 28;
 

 (3) failure to file a plan timely under section 1321 of this title;
 

 (4) denial of confirmation of a plan under section 1325 of this title and denial of additional time for filing another plan or a modification of a plan;
 

 (5) material default by the debtor with respect to a term of a confirmed plan;
 

 (6) revocation of the order of confirmation under section 1330 of this title, and denial of confirmation of a modified plan under section 1329 of this title; and
 

 
 *1110
 
 (7) termination of a confirmed plan by reason of the occurrence of a condition specified in the plan.
 

 (Emphasis supplied).
 

 After notice, a joint hearing was held by the judge and at the conclusion thereof the judge found that the standing trustee was not a party in interest under Chapter 13 of Title 11 of the Code. He entered an order on November 19, 1979, sustaining the motions of the debtors and striking the conversion application of the trustee. He filed a written opinion on March 18, 1980, in support of his order of November 19, 1979.
 

 After the judge entered his order of November 19, 1979, striking the conversion application of the trustee, the creditors of debtors Christopher and Kutner joined in a motion of the trustee to convert their cases to cases under Chapter 11 of the Code. The motion was granted by the judge and the cases were accordingly converted in accordance with Section 1307(d) which provides:
 

 (d) Except as provided in subsection (e) of this section, at any time before the confirmation of a plan under section 1325 of this title, on request of a party in interest and after notice and a hearing, the court may convert a case under this chapter to a case under chapter 11 of this title.
 

 Consequently, the standing of the trustee as a party in interest is no longer at issue in those two cases. Therefore, we are only concerned with this issue in the Rosenthal case.
 

 On November 29, 1979, the trustee filed a notice of appeal from the judge’s order of November 19, 1979, in the Rosenthal case. Pursuant to Title 28, U.S.C. § 1293, the parties stipulated to a direct appeal of the case to this court. On September 16, 1980, we granted a motion of the United States to file an amicus curiae brief in the case, and on March 17, 1981, we granted the motion of the United States for leave to participate in the oral argument. The trustee and the government filed briefs and argued the case, but the debtor did not file a brief nor participate in the argument.
 

 The parties have presented the following single issue in this appeal which they ask us to decide:
 

 Whether the standing chapter 13 trustee has standing as a party in interest to move for the conversion of the case filed under Chapter 13 to a proceeding under Chapter 7 of the Bankruptcy Code.
 

 However, we do not reach nor decide this issue because of want of jurisdiction for reasons stated below.
 

 At the outset we are confronted with the threshold question of whether or not we have jurisdiction of the appeal in this case. Neither party has raised this question. Nevertheless, it is the duty of the court to determine on its own motion whether it has jurisdiction of any case before it.
 
 Save the Bay, Inc. v. United States Army,
 
 639 F.2d 1100 (5 Cir. 1981), and Fed. R.Civ.P. 12(h)(3). It is immaterial that the parties have not raised the question nor that they have agreed to the appeal, as they cannot confer jurisdiction by agreement or waiver if it does not otherwise exist. American
 
 Fire and Casualty Co.
 
 v.
 
 Finn,
 
 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702 (1951).
 

 Material to our jurisdiction is whether the order of the court involved in this appeal is a final order or an interlocutory order. Whether a particular order is interlocutory or final is not always easy to determine. The Supreme Court has said that a final decision must generally be “one which ends the litigation * * * and leaves nothing for the court to do but execute the judgment.”
 
 Catlin v. United States,
 
 324 U.S. 229, 233, 65 S.Ct. 631, 633, 89 L.Ed. 911, 916 (1945). The Sixth Circuit Court of Appeals defines a final judgment thus in
 
 City of Louisa v. Leiu,
 
 140 F.2d 512, 514 (6 Cir. 1944):
 

 A final judgment is one which disposes of the whole subject, gives all the relief that was contemplated, provides with reasonable completeness, for giving effect to the judgment and leaves nothing to be done in the cause save superintend, ministerially, the execution of the decree.
 

 On the other hand an interlocutory order is one that does not finally dispose of
 
 *1111
 
 the entire case, but merely decides some incidental matter connected with the litigation.
 
 See
 
 1
 
 Collier on Bankruptcy,
 
 ¶ 3.03 (15th ed. 1980) at 3-301 where it is stated:
 

 An interlocutory order or decree is one which does not finally determine a cause of action but only decides some intervening matter pertaining to the cause, and which requires further steps to be taken in order to enable the court to adjudicate the cause on the merits.
 

 The order in the instant appeal merely disposes of an incidental procedural matter during the proceedings in the bankruptcy court, but it is not an order or judgment that ends the bankruptcy proceedings. We conclude, therefore, that the order is interlocutory in character. Under these circumstances, we must determine whether we have jurisdiction under the new Code of a direct appeal of an interlocutory order of a bankruptcy court where the parties agree to the appeal.
 

 Section 405 of Title IV of the Code sets forth the jurisdiction and procedure for appeals during the transition period from October 1, 1979, to April 1, 1984.
 
 See In Re Andrews v. South Dakota Student Loan Corp.,
 
 636 F.2d 233 (8 Cir. 1980). Direct appeals to courts of appeals during this period are governed by Section 405(c)(2) which provides as follows:
 

 During the transition period, the jurisdiction of the district courts, the courts of appeals, and panels of bankruptcy judges to hear appeals shall be the same as the jurisdiction of such courts and panels granted under the amendments made by sections 236, 237, 238, and 241 of this Act to hear appeals from the judgments, orders, and decrees of the bankruptcy courts established under section 201 of this Act.
 

 Section 236 referred to in the above quoted section provides in pertinent part as follows:
 

 Sec. 236. (a) Chapter 83 of title 28 of the United States Code is amended by inserting immediately after section 1292 the following:
 

 § 1293. Bankruptcy appeals
 

 j(a) The courts of appeals shall have jurisdiction of appeals from all final decisions of panels designated under section 160(a) of this title.
 

 /(b) Notwithstanding section 1482 of this title, a court of appeals shall have jurisdiction of an appeal from a final judgment, order, or decree of an appellate panel created under section 160 or a District court of the United States or from a
 
 final judgment, order or decree of a bankruptcy court
 
 of the United States if the parties to such appeal agree to a direct appeal to the court of appeals.
 

 (Emphasis supplied).
 

 By reading Section 405(c)(2) and Section 236 together it appears that new Title 28 U.S.C., Section 1293(b), which is a part of Section 236 of the new Code, has been in effect since the enactment of the Code and governs the jurisdiction of a court of appeals of an appeal from a judgment, order, or decree of a bankruptcy court during the transition period. However, some confusion may exist as to jurisdiction and procedure during this period. This is due to seeming conflicts or inconsistencies in various sections of the new Code relating to their effective dates. For instance, Section 402(a) and (b) provide:
 

 EFFECTIVE DATES
 

 Sec. 402(a) Except as otherwise provided in this title, this Act shall take effect on October 1, 1979.
 

 (b) Except as provided in subsections (c) and (d) of this section, the amendments made by title II of this Act shall take effect on April 1, 1984.
 

 New Title 28 U.S.C. § 1293(b) is a part of Title II of the new Code. Without reading further it would appear that Section 1293(b) aforesaid would not be effective until April 1, 1984. This is not the case, however, because there is a special part of the Code that expressly and specifically governs jurisdiction for appeals during the transition period. Section 405(c)(2) provides that Section 236 of the Code governs appeals from orders, etc., of bankruptcy courts to courts
 
 *1112
 
 of appeals during this period. As stated above, new Section 1293(b) is contained in Section 236 of the Code and it is, therefore, in force and controls the jurisdiction of courts of appeals during the transition period. See the following statements in 1
 
 Collier on Bankruptcy, supra,
 
 ¶ 3.03:
 

 [iv] — Transition: * * *
 

 * * * sections 405(c)(1)(B) and 405(c)(2) of the 1978 legislation, respectively, provide for direct appeal to the court of appeals if the parties agree, and for jurisdiction of the court of appeals to hear such appeals, * * *
 

 Id. at 3-272
 

 * * * During the transition period, the jurisdiction of the various courts in an appellate process — appellate panels, district courts, and courts of appeals — is to be the same as it will be following April 1, 1984.
 

 Id. at 3-231
 

 [iii] — Appeals to Court of Appeals. 28 U.S.C. § 1293(b).
 

 Section 236(a) of the 1978 statute provides a third possible avenue of appeal by adding section 1293(b) to 28 U.S.C., which provides, in part, that the courts of appeals shall have jurisdiction “of an appeal from a final judgment, order, or decree of a bankruptcy court of the United States if the parties to such appeal agree to a direct appeal to the court of appeals.”
 

 Although section 236(a) of the 1978 statute does not become effective until April 1, 1984, sections 405(c)(1) and (2), dealing with appellate jurisdiction and procedure during transition, make section 236 applicable during that period.
 

 Id. at 3-231-232
 

 [vi] — Transition.
 

 During transition, the following jurisdictional grants will be in effect:
 

 (1) The jurisdiction of the court of appeals is that conferred by new 28 U.S.C. § 1392, added by section 236 of the 1978 legislation (sections 405(c)(1)(B) and 405(c)(2) of the 1978 legislation);
 

 Id. at 3-311
 

 We conclude that new Title 28 U.S.C. § 1293(b) governs and determines whether we have jurisdiction of the present appeal. The plain meaning of the provisions of that section is that the order, judgment or decree of the bankruptcy court must be a
 
 final
 
 one before a court of appeals has jurisdiction to consider it on a direct appeal. This being true, it follows that a court of appeals does not have jurisdiction of a direct appeal of an
 
 interlocutory order,
 
 judgment or decree of a bankruptcy court.
 

 See the following statement in 1
 
 Collier on Bankruptcy, supra,
 
 ¶ 303:
 

 * * * no direct appeal of an interlocutory order of a bankruptcy court lies to the court of appeals.
 

 Id. at 3-308
 

 Applying the above sections of the Code to the case before us, we conclude that the order appealed from is interlocutory in character and is not a final judgment, order or decree, and, therefore, we do not have jurisdiction of the appeal.
 

 Accordingly, the appeal is dismissed.
 

 APPEAL DISMISSED.
 

 [1]
 

 . Some of the sections of the Code are not effective until October 1, 1984. See Section 402 of the Code for the various effective dates. The period between October 1, 1979, and the respective effective dates of the sections is designated as a transition period.