PER CURIAM.
 

 After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal.
 
 See
 
 Fed.R. App.P. 34(a); Tenth Circuit R. 10(e). The cause is therefore ordered submitted without oral argument.
 

 Marian Berg seeks review of a January 12, 1981 order of the United States Bankruptcy Court for the District of Colorado, which dismissed her objection to the bankruptcy discharge of Jimmie Shannon. On January 30, 1981, eighteen days after the bankruptcy court’s decision, Berg filed a notice of appeal
 
 to the district court,
 
 along with a motion to extend the time for filing the notice. On March 4, 1981, the bankruptcy court granted the motion for a retroactive extension of time to January 30, 1981. At the hearing on the extension motion, the bankruptcy court also advised the parties that, by stipulation, an appeal could be taken directly to the court of appeals. A stipulation was reached between the parties and, on March 10, 1981, a notice of appeal was filed to this court.
 

 There are now two notices of appeal pending in this matter. We are concerned with the timeliness of the notice of appeal to this court and, consequently, our jurisdiction to consider the appeal. We have so advised the parties. In response, Berg filed a motion to remand the case to the district court. Shannon did not respond.
 

 The Bankruptcy Reform Act of 1978, Pub.L.95-598, 92 Stat. 2549
 
 et seq.
 
 (1978)
 
 [1]
 
 (the Act), made extensive changes in the procedures by which appeals are taken from bankruptcy courts. The provisions of the new Act become effective on various dates beginning with the date of enactment, November 6, 1978, and extending through a “transition period” until April 1, 1984, at which time the Act will be fully effective.
 
 See
 
 Title IV of the Act, §§ 401-405, 92 Stat. 2682-85 (1978).
 

 Under the new Act, 28 U.S.C. § 1293 was amended to provide:
 

 “(a) The courts of appeals shall have jurisdiction of appeals from all final decisions of panels designated under section 160(a) of this title.[
 
 2
 
 ]
 

 “(b) Notwithstanding section 1482 of this title, a
 
 court of appeals shall have jurisdiction of an appeal from a
 
 final judgment, order, or decree of an appellate panel created under section 160 or a District Court of the United States or from a final judgment, order, or
 
 decree of a bankruptcy court of the United States if the parties to such appeal agree to a direct appeal to the court of appeals.”
 

 § 236(a) of the Act, 92 Stat. 2667 (emphasis added). 28 U.S.C. § 1334 was also amended to provide that district courts “shall have jurisdiction of appeals from all final judgments, orders, and decrees of bankruptcy
 
 *906
 
 courts.”
 
 [3]
 
 Under the new bankruptcy scheme, therefore, both district courts and courts of appeal share original jurisdiction over appeals from bankruptcy courts.
 

 The amendments to 28 U.S.C. §§ 1293 and 1334 were made immediately effective by sections 405(c)(1) and (2) of the Act, 92 Stat. 2685, which provide:
 

 “(c)(1) During the transition period, an appeal from a judgment, order, or decree of a United States bankruptcy judge shall be—
 

 “(A) if the circuit council of the circuit in which the bankruptcy judge sits so orders for the district in which the bankruptcy judge sits, then to a panel of three bankruptcy judges appointed in the manner prescribed by section 160 of title 28 of the United States Code, as added by section 201 of this Act;
 

 “(B) if the parties to the appeal agree to a direct appeal to the court of appeals for such circuit, then to such court of appeals; or
 

 “(C) to the district court for the district in which the bankruptcy judge sits.
 

 “(2) During the transition period, the jurisdiction of the district courts, the courts of appeals, and panels of bankruptcy judges to hear appeals shall be the same as the jurisdiction of such courts and panels granted under the amendments made by sections 236, 237, 238, and 241 of this Act to hear appeals from judgments, orders, and decrees of the bankruptcy courts established under section 201 of this Act.”
 

 The transition provisions make clear that the present appeal falls within our general appellate jurisdiction so long as it was timely filed. 28 U.S.C. § 2107 provides that a notice of appeal to the circuit courts must be filed within thirty days from the entry of judgment. However, it also specifically states that “[t]his section shall not apply to bankruptcy matters or other proceedings under Title 11.”
 
 Id.
 
 Section 248 of the new Bankruptcy Act, 92 Stat. 2672, cures this problem by amending 28 U.S.C. § 2107 to strike out the above quoted sentence, thereby making the thirty day provision applicable to bankruptcy appeals. Unfortunately, section 248 is not specifically made effective until April 1, 1984.
 
 See
 
 §§ 402, 405 of the Act, 92 Stat. 2682, 2685.
 

 Nevertheless, we agree with the Eighth Circuit in
 
 Andrews v. South Dakota Student Loan Assistance Corp.,
 
 636 F.2d 233, 235-36 (8th Cir. 1980), that the thirty day time period is presently applicable to bankruptcy appeals. We can envision no legislative purpose in making an avenue of appeal available during transition and intentionally omitting the time frame for appeal. We believe the failure to specifically refer to 28 U.S.C. § 2107 in the transition sections of the Act was inadvertent.
 
 Cf. In re Adamo,
 
 619 F.2d 216, 219 (2d Cir.) (inadvertence in effective date of other sections of new Bankruptcy Act),
 
 cert. denied,
 
 449 U.S. 843, 101 S.Ct. 125, 66 L.Ed.2d 2252 (1980). The obvious thrust of the Act’s transition provisions is to make currently effective the same jurisdiction and procedures that will apply to the bankruptcy court system when the Act becomes fully effective.
 
 See
 
 H.R.Rep.No.595, 95th Cong., 2d Sess. 460 (1978),
 
 reprinted in
 
 [1978] U.S. Code Cong. & Ad.News 5787, 6416. Consequently, we construe legislative intent to make the thirty day time for filing a notice of appeal to this court effective as of the
 
 *907
 
 date we acquired jurisdiction over direct appeals from bankruptcy decisions.
 
 See In re Adamo,
 
 619 F.2d at 222.
 

 The judgment appealed from here was filed January 12, 1981. The notice of appeal was not filed
 
 [4]
 
 to this court until March 10, 1981, clearly beyond the thirty day time limit. Accordingly, we must dismiss the appeal as untimely.
 

 As we noted at the beginning of this opinion, Berg also filed a notice of appeal in the district court. In order to address the potential procedural problems raised by the Act’s authorization of an appeal either to the district court or the court of appeals, the Advisory Committee on Bankruptcy Rules proposed Interim Bankruptcy Rule 8007, which provides:
 

 “The filing of a direct appeal by agreement in the court of appeals under 28 U.S.C. § 1293(b) shall have the effect of a stipulation of dismissal of any appeal to another appellate court from the same order, judgment or decree. The appeal shall thereafter be dismissed in accordance with 802(b).”
 

 This proposed interim rule was adopted by the Bankruptcy Court for the District of Colorado.
 
 See In Re Coleman American Co.’s,
 
 6 B.R. 918, 6 BCD 1289, 1290 (Bkrtcy DC Colo.1980). Because the appeal to this court was jurisdictionally defective when the notice of appeal was filed, appellate jurisdiction never transferred from the district court.
 
 See Arthur Andersen & Co. v. Finesilver,
 
 546 F.2d 338, 340-41 (10th Cir. 1976)
 
 cert. denied,
 
 429 U.S. 1096, 97 S.Ct. 1113, 51 L.Ed.2d 543 (1977). Consequently, the mandatory dismissal of the district court appeal suggested by Interim Rule 8007 did not become operative. Appellate jurisdiction over this matter remains in the district court.
 

 In light of our conclusions, the motion to remand this case to the district court is rendered moot.
 

 APPEAL DISMISSED.
 

 [1]
 

 . Codified at 11 U.S.C. and scattered sections of numerous other titles including primarily 15, 18 and 28 U.S.C.
 

 [2]
 

 . 28 U.S.C. § 160(a) provides that the circuit council of a circuit may order the establishment of panels of three bankruptcy judges in each district to hear bankruptcy appeals. The Tenth Circuit Council has not authorized this procedure.
 

 [3]
 

 . Section 238(a) of the Act, 92 Stat. 2667-68, provides:
 

 "(a) Section 1334 of title 28 of the United States Code is amended to read as follows:
 

 “ ‘§ 1334. Bankruptcy appeals
 

 ‘(a) The district courts for districts for which panels have not been ordered appointed under section 160 of this title shall have jurisdiction of appeals from all final judgments, orders, and decrees of bankruptcy courts.
 

 ‘(b) The district courts for such districts shall have jurisdiction of appeals from interlocutory orders and decrees of bankruptcy courts, but only by leave of the district court to which the appeal is taken.
 

 ‘(c) A district court may not refer an appeal under that section to a magistrate or to a special master’.”
 

 [4]
 

 . The proper place to lodge a notice of appeal to the circuit court is in the bankruptcy court.
 
 See
 
 Tenth Circuit R. 5; Bankruptcy R. 801.