673 F.2d 305
 6 Collier Bankr.Cas.2d 147, 8 Bankr.Ct.Dec. 1073,
Bankr. L. Rep. P 68,891
 In re William S. CALLISTER, etc., et al.
William S. CALLISTER, d/b/a Callister & Sons Trucking, and
Gloria K. Callister, Debtors-Appellees,
v.
INGERSOLL-RAND FINANCIAL CORPORATION, Creditor-Appellant.
 No. 81-2526.
 United States Court of Appeals,
Tenth Circuit.
 March 9, 1982.
 
 William Thomas Thurman and Stephen W. Rupp of McKay, Burton, Thurman & Condie, Salt Lake City, Utah, for creditor-appellant.
 David E. Leta and Joel R. Dangerfield of Roe & Fowler, Salt Lake City, Utah, for debtors-appellees.
 Before BARRETT, LOGAN and SEYMOUR, Circuit Judges.
 PER CURIAM.
 
 
 1
 After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed.R.App.P. 34(a); Tenth Circuit R. 10(e). The cause is therefore ordered submitted without oral argument.
 
 
 2
 In January, this court notified the parties that it was considering summary dismissal of this appeal for lack of jurisdiction. Both sides have responded. After due consideration, we have determined that we are without jurisdiction over the instant appeal, and so order it dismissed.
 
 
 3
 This is an appeal from an order of the bankruptcy court, 15 B.R. 521, made in the course of ongoing litigation, granting appellant Ingersoll-Rand Financial Corporation (IRFC) a "superpriority" of $29,868, pursuant to 11 U.S.C. § 507(b), and ordering payment of interim attorneys fees awarded to counsel for the debtor and the unsecured creditors committee. On appeal, IRFC alleges that the court erred by awarding interim fees that will be paid in advance of its superpriority.
 
 
 4
 The parties maintain that jurisdiction is conferred on this court by 28 U.S.C. § 1293(b), a provision of the Bankruptcy Reform Act of 1978, P.L. 95-598, 92 Stat. 2549 (1978). We agree. While there is some confusion regarding applicability of certain sections of the Code during the "transition period" (October 1, 1979 to April 1, 1984), we have recently concluded that "(t)he obvious thrust of the Act's transition provisions is to make currently effective the same jurisdiction and procedures that will apply to the bankruptcy court system when the Act becomes fully effective." In re Shannon, 670 F.2d 904 (10th Cir. 1982); accord, In re Kutner, 656 F.2d 1107 (5th Cir. 1981); 1 Collier on Bankruptcy P 3.03 (15th ed. 1981).
 
 Section 1293(b) provides in relevant part:
 
 5
 ... a court of appeals shall have jurisdiction of an appeal from a final judgment, order, or decree ... of a bankruptcy court of the United States if the parties to such appeal agree to a direct appeal to the court of appeals. (Emphasis added.)
 
 
 6
 By the plain language of the statute, then, only final orders of the bankruptcy court are subject to direct appeal in the court of appeals. In re Kutner, supra. Our jurisdiction in this case thus depends on whether the order appealed is final or interlocutory.
 
 
 7
 Interim awards of compensation are authorized pursuant to 11 U.S.C. § 331:
 
 
 8
 A trustee, an examiner, a debtor's attorney, or any professional person ... may apply to the court not more than once every 120 days after an order for relief in a case under this title, or more often if the court permits, for such compensation for services rendered before the date of such an application of reimbursement for expenses incurred before such date .... After notice and a hearing, the court may allow and disburse to such applicant such compensation or reimbursement.
 
 
 9
 The statute anticipates repeated application to the court for reimbursement and compensation, subjecting the award to amendment or modification at any time during the pendency of the bankruptcy proceedings. Interim awards of compensation, which are within the court's discretion, In re Solar Manufacturing Corp., 190 F.2d 273 (3d Cir.), cert. denied sub nom. McGirl v. Mintz, 342 U.S. 893, 72 S.Ct. 200, 96 L.Ed. 669 (1951), are to be considered by the court in making a final award. Massachusetts Mutual Life Insurance Co. v. Brock, 405 F.2d 429 (5th Cir. 1968), cert. denied, 395 U.S. 906, 89 S.Ct. 1748, 23 L.Ed.2d 220 (1969). "Interim allowances are always subject to the court's re-examination and adjustment during the course of the case, and all expenses of administration must receive the court's final scrutiny and approval." 2 Collier on Bankruptcy P 331.03 (15th ed. 1981). Interim awards, too, are refundable to the estate in cases of misconduct. In re Arlan's Department Stores, Inc., 462 F.Supp. 1255 (S.D.N.Y.1978), aff'd, 615 F.2d 925 (2d Cir. 1979). Interim awards, then, are in no respect final adjudications on the question of compensation. Such awards are therefore interlocutory.
 
 
 10
 We find unpersuasive appellant's argument that Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949) permits appeal. As mentioned previously, the order does not conclusively determine any disputed question, nor is it effectively unreviewable on appeal from final judgment. See, e.g., Coopers & Lybrand v. Livesay, 437 U.S. 463, 98 S.Ct. 2454, 57 L.Ed.2d 351 (1978). The order may be more correctly described as "tentative, informal or incomplete." Cohen, 337 U.S. at 546, 69 S.Ct. at 1225.
 
 
 11
 As we conclude the order in question is interlocutory, we are without jurisdiction to hear this matter.[1]
 
 
 12
 DISMISSED.
 
 
 
 [1]
 The parties filed a notice of appeal to the district court on November 30, 1981, prior to their stipulation for a direct appeal to this court. According to the record, this notice was dismissed under the authority of Bankruptcy Interim Rule 8007, which provides for automatic dismissal in the event of a direct appeal to the court of appeals. However, "(b)ecause the appeal to this court was jurisdictionally defective when the notice of appeal was filed, appellate jurisdiction never transferred from the district court," In re Shannon, supra, at 7, at 907. Therefore, jurisdiction, if any, of an appeal in this matter remains in the district court. Id