691 F.2d 89
 7 Collier Bankr.Cas.2d 524, 9 Bankr.Ct.Dec. 1052,
Bankr. L. Rep. P 68,915
 Nicholas and Virginia MAIORINO, Appellants,
v.
BRANFORD SAVINGS BANK, Appellee.
 No. 1225, Docket 82-5001.
 United States Court of Appeals,
Second Circuit.
 Argued May 24, 1982.
Decided Oct. 7, 1982.
 
 James G. O'Rourke, Stratford, Conn., for appellants.
 John E. Donegan, Sullivan & Donegan, P.C., Branford, Conn. (Roger Sullivan, Branford, Conn., of counsel), for appellee.
 Before LUMBARD, OAKES and PIERCE, Circuit Judges.
 OAKES, Circuit Judge:
 
 
 1
 This appeal, involving inter alia the state law of Connecticut on strict foreclosures, comes to us without enlightenment from a Connecticut district judge: the parties have agreed to come directly to the court of appeals by virtue of a provision of the new Bankruptcy Code, 28 U.S.C. § 1293(b) (Supp. II 1978).[1] A direct appeal from the bankruptcy court by agreement is permitted under this provision[2] if, but only if, the order, judgment, or decree of the bankruptcy court is final. See In re Kutner, 656 F.2d 1107, 1112 (5th Cir.), cert. denied, --- U.S. ----, 102 S.Ct. 1443, 71 L.Ed.2d 658 (1981) followed in Callister v. Ingersoll-Rand Financial Corp., 673 F.2d 305 (10th Cir. 1982) (per curiam); 1 Collier on Bankruptcy P 3.03 at 3-308 (15th ed. 1980). If the order is not final, and the court thereby lacks subject-matter jurisdiction, it is axiomatic that the parties cannot by agreement confer jurisdiction. See American Fire & Casualty Co. v. Finn, 341 U.S. 6, 18, 71 S.Ct. 534, 542, 95 L.Ed. 702 (1951). Because we find that the order appealed from is not final, we dismiss the appeal.
 
 
 2
 The order in question denied confirmation of the Chapter 13 debtors' plan, sustaining a mortgagee's objection thereto. The mortgagee had obtained a judgment of strict foreclosure under Connecticut law, Conn.Gen.Stat. § 49-14, in July 1980, fixing the amount due and ordering that the mortgage be paid by a "law day" set for December 8, 1980, on which day the debtor's equity of redemption was to expire. On December 1, 1980, the judgment was opened under Conn.Gen.Stat. § 49-15 at the debtors' behest and the "law day" was rescheduled for March 17, 1981. On March 13, 1981, the debtors filed for relief under Chapter 13. Their proposed plan sought reinstatement of the foreclosed mortgage on payment of their arrearage. After referring to Butner v. United States, 440 U.S. 48, 55, 99 S.Ct. 914, 918, 59 L.Ed.2d 136 (1979) (state law governs property rights), the bankruptcy judge held that under Connecticut law the mortgage merged into the judgment of foreclosure and could not be cured under Connecticut law or Bankruptcy Code § 1322(b)(5). Denying confirmation of the debtors' proposed plan, the bankruptcy judge did not dismiss the petition.[3] Under these circumstances we conclude that the order denying confirmation of the proposed plan is interlocutory only and hence not appealable by agreement to the court of appeals.
 
 
 3
 Nothing in the legislative history of the Bankruptcy Reform Act of 1978 bears on this question directly.[4] No case that we have been able to find even under the old Bankruptcy Act directly relates to the situation at hand, i.e., where the proposed plan has been rejected but the automatic stay under 11 U.S.C. § 362(a)(2) remains in effect and the petition has not been dismissed. True, the Fifth Circuit, which agrees that interlocutory orders are not appealable, In re Kutner, supra, has taken an appeal from a refusal to confirm a wage-earner plan under Chapter 13. In re Foster, 670 F.2d 478 (5th Cir. 1982). The question of appealability was not discussed in that case, however, and evidently the two-judge panel did not raise the issue sua sponte as the court did in Kutner, a case involving denial of a trustee's standing to move to convert Chapter 13 proceedings to Chapter 7.
 
 
 4
 Nor do we find it incongruous that orders granting or denying recovery of property from a creditor or rejection or assumption of unexpired leases or executory contracts may have been held sufficiently final to be appealable as of right. Each of these situations involves a determination of a third party's rights on the one hand and the amount of property that is available to or payments that have to be made by the estate. Here, for all we know, the bankruptcy court may very well confirm another plan which does not reinstate the foreclosed mortgage on payment of arrearages but which modifies the mortgage payments to be made. The matter has been left in the air for the moment. The case is distinguishable from In re Taddeo, 685 F.2d 24, 26 n. 4 (2d Cir. 1982), since an order granting or denying relief from the automatic stay under 11 U.S.C. § 362(e) is an injunction, note 4 supra.
 
 
 5
 Nor do we find it strange as a matter of policy that an order confirming a plan which would, we agree, be final, is appealable by an objecting creditor while an order rejecting a proposed plan is not final and not appealable by the Chapter 13 debtor, absent leave from the district court under 28 U.S.C. § 1334(b). So long as the petition is not dismissed, note 3 supra, it is open to the debtor to propose another plan, and for all that an appellate court would know in any given case such a plan might well be acceptable to the parties or bankruptcy judge concerned. From a policy point of view, we believe there is something to be said in a day of burgeoning appellate dockets for taking care not to construe jurisdictional statutes-particularly those conferring power on the parties to agree to a direct appeal to the court of appeals-with great liberality. Otherwise, at every stage of the bankruptcy proceedings the parties will run to the court of appeals for higher advice. In any event, there is a safety valve for the occasional unjust situation where grave hardship is involved in that leave to appeal may be sought of the district court under 28 U.S.C. § 1334(b). We simply do not believe that the district judges are or will be unwilling in appropriate cases to grant the leave to appeal permitted by the complex act of Congress.
 
 
 6
 We note also that the bankruptcy judge did not deal with the automatic-stay provisions of 11 U.S.C. § 362(a)(2) and their effect upon the operation of the law day, or discuss whether the judgment itself could be modified under id. § 1322(b)(2). Any final judgment should address itself to these matters as well.
 
 
 7
 Were this all there was to the case there would be nothing further for us to do. However, we must deal with In re Riddervold, 647 F.2d 342 (2d Cir. 1981), where a panel looked to § 405(c)(1) of the Bankruptcy Reform Act, 92 Stat. 2685,[5] and said simply that "for whatever reason, Congress did not intend the finality requirement of the new § 1293(b) to apply to appeals taken to the courts of appeals from orders of bankruptcy judges by agreement during the transition period." Id. at 344. Two questions are raised by the language of that case.
 
 
 8
 1. May the parties, by agreement, bring an appeal to the circuit court from an interlocutory decision of the bankruptcy court?
 
 
 9
 2. Would a negative answer to question 1 require that the holding in Riddervold be overruled, a matter which can be done only en banc?
 
 
 10
 We answer both in the negative.
 
 
 11
 Question 1. Quite plainly the language of Riddervold would put the Second Circuit into conflict with the decision of the Fifth Circuit in Kutner, supra, and the Tenth Circuit in Callister, supra. The panel majority agrees with Kutner's and Callister's conclusion that interlocutory orders of bankruptcy courts cannot be appealed to the circuit court by agreement of the parties. It is supported by the language of the new statute, a reasonable understanding of the intent of Congress, and the rules of the various circuit courts of appeals.
 
 
 12
 A. The language of the statute. During the transition period until April 1, 1984, sections 405(c)(1)(A), (B) and (C) authorize appeals to be brought from decisions of the bankruptcy court either to a panel of bankruptcy judges established by the circuit council in the circuit where the bankruptcy judge sits, to the district court for the district in which the bankruptcy judge sits, or, if the parties agree, to the circuit court of appeals for the circuit. But this section merely outlines the routes that an appeal may take. That which may be appealed during the transition period is set out in the section following it, 405(c)(2),[6] a provision not referred to in Riddervold, which grants to the district courts, bankruptcy panels, and circuit courts of appeals the same jurisdiction over appeals from decisions of bankruptcy judges that they will enjoy after the transition period. Section 1293(b), 92 Stat. 2667, is, therefore, the governing statute during transition and it grants the circuit courts the power to review only final judgments, orders, or decrees of bankruptcy courts. See Callister, supra, 673 F.2d at 304 (10th Cir. 1982); In re Kutner, supra, 656 F.2d at 1111-12 (5th Cir. 1981); 1 Collier on Bankruptcy P 3.03 at 3-232 (15th ed. 1980) ("Section 237 becomes effective on April 1, 1984, but, by virtue of section 405(c)(2) of the 1978 statute, is effective during transition."); Pearson, Appeals from the Bankruptcy Court, 50 J.Kan.B.A. 285, 285 n. 1 (1981) ("The appellate provisions of the Bankruptcy Reform Act, while not effective until April 1, 1984, apply during the transition period."). Concededly, the working of the statute is complicated, a situation doubtless engendered because the appeals provisions of the Act were hastily drawn during an eleventh hour compromise, see 1 Collier, supra, at P 303(1)(b)(i), that produced the present jumble as well as apparently inadvertent inconsistencies in the statute. Compare F.R.B.P. 802 (setting 10 day time limit for filing notice of bankruptcy appeals) with F.R.A.P. 4(a) (allowing 30 days for such notice); see In re Shannon, 670 F.2d 904, 906 (10th Cir. 1982) (per curiam) (finding 10 day limit inconsistent with Congressional intent); In re Andrews, 636 F.2d 233 (8th Cir. 1980) (same); but see Pearson, supra, at 287 n. 5.
 
 
 13
 B. The intent of Congress. Nevertheless, while the language of the statute may be difficult to comprehend, a construction of it which read 405(c)(1) as an independent jurisdictional grant would lead to strange and surely unintended results. First, reading 405(c)(1) as an independent grant of jurisdiction leads to the anomalous result that Congress would have allowed appeals to be brought to the circuit courts of whole classes of bankruptcy court decisions that could not have been appealed either before or after the transitional period. Under the old Bankruptcy Act, courts of appeals had jurisdiction only over final orders entered in bankruptcy controversies, but had jurisdiction over both final and interlocutory orders entered in bankruptcy proceedings. Bankruptcy Act § 24(a), 11 U.S.C. § 47(a) (1976). See, e.g., In re Durensky, 519 F.2d 1024, 1027 (5th Cir. 1975). The Bankruptcy Reform Act disposes of the troublesome distinction between "controversies" and "proceedings," Pub.L. No. 95-598, 92 Stat. 2549, 2667, U.S.Code Cong. & Admin.News 1978, p. 5787 (1978) (adding § 1293 to Title 28), and permits only final orders of the bankruptcy court to be appealed to the circuit courts. Free appeal by agreement would mean that during the transition period Congress has allowed the once forbidden appeal of interlocutory orders in bankruptcy controversies and has allowed the soon-to-be-forbidden appeal of interlocutory orders in both what were once called proceedings and controversies. It is hard to imagine what would motivate Congress to create this incongruous interval. We should avoid the construction leading to it absent some evidence that Congress meant to do so. No such evidence was referred to by the Riddervold court. 647 F.2d at 344.
 
 
 14
 Second, as the dissent in this case reminds us, our rulings on the permissible scope of appeals in the circuit courts will also decide the range of appeals that district courts and bankruptcy panels would be obliged to consider. The Riddervold reading would not only remove the finality requirement from appeals to the circuit courts, but would waive the requirements otherwise governing appeals to district courts and bankruptcy panels under 405(c)(2) as well. Those courts could very well be deluged during the transition period with interlocutory appeals that they could otherwise decline to hear. Because the "... court's construction ... in substance renders all such orders appealable, ... apart from all other reasons (it) is therefore objectionable insofar as it is inconsistent with judicial economy." Pettit v. Olean Industries, Inc., 266 F.2d 833, 840 (2d Cir. 1959) (Lumbard, J., dissenting) (objecting to majority's permission of interlocutory appeals in bankruptcy "proceedings").
 
 
 15
 C. Rules of the circuit courts. The relevant rules of the circuits relating to bankruptcy appeals, where they address the issue, see Advisory Committee on Bankruptcy Rules, Preliminary Draft of Proposed New Bankruptcy Rules and Official Forms 221 (March 1982), speak with one voice on the appealability of interlocutory orders by agreement of the parties to the court of appeals: Such appeals are not permitted. 1st Cir. R. 2(c), 23(a); 3d Cir. R. 24; 5th Cir. R. 23.2; 6th Cir. R. 17; 7th Cir. R. Appendix I, as amended June 30, 1981; 8th Cir. R. 29; 11 Cir. R. 21(b). See also, Proposed Rules, supra, at 193-94. Thus, the Second Circuit is not alone in specifically requiring bankruptcy appellants to show that they appeal by agreement from a "final judgment" or "final order or final decree" of a bankruptcy court. 2d Cir. R. 49.
 
 
 16
 Question 2. If the language of Riddervold misconceived the interpretation of transition-period appellate jurisdiction over interlocutory appeals, then there is not only a split within and among the circuits on the reading of the statutes, but the Riddervold court may have exercised jurisdiction when it had none. Arguably, however, the Riddervold court did have proper jurisdiction over the case before it because the appeal in that case was from a final order. The court indicated "considerable doubt," 647 F.2d at 343, concerning appellate jurisdiction of Riddervold's claim to void an execution on his wages by his employer under a final order rule because Riddervold's separate suit to cancel judgment liens by four judgment creditors that allegedly unjustly impaired the equity on the Riddervold residence remained pending, and multiple claims are not final unless the bankruptcy judge certifies these as final under F.R.Civ.P. 54(b).
 
 
 17
 But it seems to us that no such issues colored the appealability of the bankruptcy court's decision in Riddervold to dismiss Riddervold's claim against the employer for wages withheld. This claim was entirely distinct from Riddervold's separate claim against four creditors with a judgment lien impairing the equity on Riddervold's residence. The four creditors with a lien on Riddervold's house would not have been harmed-and could have been benefitted-by an appellate judgment upsetting the status quo. Their interests were surely not undermined by the panel's affirmance of the employer's right to deduct wages. The only thing that "joins" these two claims is that they concern the same petition in bankruptcy. But, as Judge Lumbard emphasizes in his dissent in this case, "(u)nlike an ordinary suit .... a single bankruptcy 'case' involves many 'proceedings,' each of which terminates in a 'final decision.' " Thus, particularly in bankruptcy matters, courts should not frustrate the intent of Congress that truly separate final decisions be separately appealable; by taking the appeal of Riddervold's claim against the hospital, that end was served. Thus, the Riddervold court properly reached the merits of the appeal in that case for the reasons stressed by Judge Lumbard in his dissent in this one.
 
 
 18
 Appeal dismissed.*
 
 LUMBARD, Circuit Judge, dissenting:
 
 19
 I respectfully dissent.
 
 
 20
 The majority carefully holds only that the Maiorinos may not agree with Branford Savings Bank to appeal directly to this court from the bankruptcy judge's rejection of their Chapter 13 plan. The majority holds that denial of confirmation of a Chapter 13 plan is not a "final order" appealable by agreement to this court under 28 U.S.C. § 1293(b). But the statute providing for appeal to the district court, 28 U.S.C. § 1334(a), requires the same final order.[1] By holding that denial of confirmation is not a final order, the majority effectively precludes appellate review except by leave of the district court.[2] If experience with similar statutes is any guide, leave will be granted only in unusual cases. C. Wright, A. Miller, E. Cooper, E. Gressman, 16 Federal Practice & Procedure § 3929 (1977). By focusing only on § 1293(b), the majority ignores the effect its opinion will have on all bankruptcy appeals.
 
 
 21
 Unlike an ordinary suit, which terminates in a final judgment, a bankruptcy case usually involves many decisions by the bankruptcy judge which are undeniably final and appealable. See 1 Collier on Bankruptcy P 3.03(7)(d)(iii) (L. King 15th ed. 1981). Both houses of Congress recognized that a single bankruptcy "case" involves many "proceedings," each of which terminates in a "final decision." See H.R.Rep. 595, 95th Cong., 1st Sess. 444 (1977); H.R. 8200 95th Cong. 1st Sess. § 238 (1978); S.Rep. 989, 95th Cong. 2d Sess. 153-55 (1978); S. 2266, 95th Cong., 2d Sess. § 216 (1978). Given this legislative history, the familiar words which limit our jurisdiction to "final judgments, orders and decisions" should not be read to allow only appeals from the termination of a "case" by either confirmation or dismissal.
 
 
 22
 So many less important decisions by a bankruptcy judge are "final" and appealable. These include orders granting or denying
 
 
 23
 -recovery of property from a creditor under the preference, fraudulent conveyance or turnover statutes, 11 U.S.C. §§ 542, 544(b), 547, 548;[3]
 
 
 24
 -rejection or assumption of an unexpired lease or executory contract, 11 U.S.C. § 365;[4]
 
 
 25
 -relief from the automatic stay under 11 U.S.C. § 362(e). In re Taddeo, 685 F.2d 24, 26 n. 4 (2d Cir. 1982).
 
 
 26
 There is even an indication in the Code's legislative history that Congress thought appointment of a trustee was a "final" order. H.R.Rep. 595, 95th Cong., 1st Sess. 444 (1977). All of these orders would be appealable as of right. Yet each is merely a preliminary step in the process of formulating and confirming a plan in Chapter 11 or Chapter 13. Though these intermediate decisions would be appealable, the majority today rules that a final rejection of a plan is not appealable.
 
 
 27
 The majority supplies no analysis sufficient to support its ruling. It relies solely on In re Kutner, 656 F.2d 1107 (5th Cir. 1981). But Kutner held only that a decision denying a trustee standing to intervene was not a final order. Kutner said nothing about whether denial of confirmation was a final order. Indeed, six months after the Fifth Circuit filed its decision in Kutner, it took jurisdiction over a case exactly like this one-a direct appeal from an order of the bankruptcy court denying confirmation of a Chapter 13 plan. In re Foster, 670 F.2d 478 (5th Cir. 1982).
 
 
 28
 The procedural holding adopted by the majority may have serious substantive consequences. Only the debtor may propose a Chapter 13 plan. 11 U.S.C. § 1321; H.R.Rep. 595, 95th Cong., 1st Sess. 428 (1977); S.Rep. 989, 95th Cong., 2d Sess. 141 (1978). Therefore the debtor is always the party who seeks to confirm a plan; the creditor is always the party who seeks to deny confirmation. The effect of today's holding is that when creditors lose and a plan is confirmed, creditors may appeal immediately as of right; when debtors lose and a plan is rejected, they may appeal only by leave of the district court. Their only alternative is to wait until a less favorable plan is confirmed, which may be months away, or until the bankruptcy court dismisses the case or dissolves the automatic stay, which the debtors will try to postpone for as long as possible. In either event, a bankruptcy court ruling which is final as to a plan of arrangement will be reviewable long after it is made, perhaps long after the plan can be revived. Congress enacted Chapter 13 to aid consumer debtors; we should not delay their access to relief on appeal.
 
 
 29
 I would take jurisdiction of this appeal.
 
 
 
 [1]
 28 U.S.C. § 1293(b) provides as follows:
 Notwithstanding section 1482 of this title (providing, in conjunction with 28 U.S.C. § 160(a), for the appointment of panels of bankruptcy judges to hear appeals from bankruptcy courts), a court of appeals shall have jurisdiction of an appeal from a final judgment, order, or decree of an appellate panel created under section 160 or a District court of the United States or from a final judgment, order, or decree of a bankruptcy court of the United States if the parties to such appeal agree to a direct appeal to the court of appeals.
 (Emphasis added.)
 
 
 [2]
 As noted in In re Kutner, 656 F.2d 1107, 1111-12 (5th Cir. 1981), 28 U.S.C. § 1293(b) is currently in effect. Although section 402(b) of Pub.L. No. 95-598, title IV, 92 Stat. 2682 (1978), 11 U.S.C. preceding § 101, provides generally that amendments such as section 1293(b) shall not take effect until April 1, 1984, section 405(c)(2) of the same law provides specifically that during the transition period (1979-1984), the jurisdiction of the courts of appeals shall be the same as provided in section 1293. See 1 Collier on Bankruptcy P 3.03 at 3-231-32, 3-272, 3-311 (15th ed. 1980)
 
 
 [3]
 In a Chapter 13 proceeding, if a plan is not approved an order may be entered either directing that bankruptcy be proceeded with or dismissing the petition without directing bankruptcy. 10 Collier on Bankruptcy P 21.01 at 5, P 30.01 at 406 (14th ed. 1978)
 
 
 [4]
 The House Report, H.R.Rep. 595, 95th Cong., 1st Sess. 444 (1977), U.S.Code Cong. & Admin.News 1978, pp. 5787, 6399, 6400, says only:
 SECTION 237
 Section 237 amends 28 U.S.C. § 1291 to give the courts of appeals direct jurisdiction of appeals of final decisions of bankruptcy courts.
 SECTION 238
 This section amends section 1292(a) of title 28 to give the courts of appeals direct jurisdiction of appeals from certain interlocutory orders of bankruptcy courts. The courts of appeals have jurisdiction over interlocutory orders relating to injunctions. Because the automatic stay under prop(o)sed 11 U.S.C. 362 is an injunction, denial of relief from the stay will be reviewable under this paragraph, which permits review of the grant or denial of an injunction, or a refusal to dissolve or modify an injunction. The courts of appeals are also granted jurisdiction of appeals from final judgments, orders, and decrees of the bankruptcy courts in proceedings arising under title 11 or arising under or related to cases under title 11. The reference to proceedings in paragraph (5), added by this section, is similar to the reference to proceedings in proposed 28 U.S.C. 1471(b). It is broad in scope, and covers all disputes that are finally determined by a bankruptcy judge in or related to a bankruptcy case. These would include final orders in what are now referred to as contested matters, adversary proceedings, and plenary suits.
 Paragraph (2) of section 1292(a) is not expanded to include the appointment of a trustee in a case under title 11, because appointment of a trustee in a case under title 11 will be a final order in a proceeding that is reviewable under proposed 28 U.S.C. 1292(a)(5).
 See 1978 U.S.Code Cong. & Ad.News 6399-6400.
 
 
 [5]
 405(c)(1) During the transition period, an appeal from a judgment, order, or decree of a United States bankruptcy judge shall be-
 (A) if the circuit council of the circuit in which the bankruptcy judge sits so orders for the district in which the bankruptcy court judge sits, then to a panel of three bankruptcy judges appointed in the manner prescribed by section 160 of title 28 of the United States Code, as added by section 201 of this Act;
 (B) if the parties to the appeal agree to a direct appeal to the court of appeals for such circuit, then to such court of appeals; or
 (C) to the district court for the district in which the bankruptcy judge sits.
 
 
 [6]
 405(c)(2) During the transition period, the jurisdiction of the district courts, the courts of appeals, and panels of bankruptcy judges to hear appeals shall be the same as the jurisdiction of such courts and panels granted under the amendments made by sections 236, 237, 238, and 241 of this Act to hear appeals from the judgments, orders, and decrees of the bankruptcy courts established under section 201 of this Act
 
 
 *
 The foregoing opinion was circulated among all the active members of this court and to the senior members of the court who were members of the panel in In re Riddervold, 647 F.2d 342 (2d Cir. 1981)
 
 
 [1]
 The alternative route of appeal, to a panel of bankruptcy judges, 28 U.S.C. §§ 160, 1482, is not available in this circuit because no such panel has been established
 
 
 [2]
 Leave to appeal could also be granted by an appellate panel of bankruptcy judges in circuits where such panels have been established
 
 
 [3]
 See Sproul v. Levin, 88 F.2d 866 (8th Cir. 1937)
 
 
 [4]
 To do otherwise would leave parties to these contracts uncertain as to their status until the end of the bankruptcy case, a result clearly rejected by Congress. See H.R.Rep. 595, 95th Cong. 1st Sess. 348 (1977); S.Rep. 989, 95th Cong. 2d Sess. 59 (1978)