In the Matter of Larry D. GOULD, Debtor/Plaintiff,

v.

GREGG, HART, FARRIS & RUTLEDGE, Creditors/Defendants.

Civ. No. 91–3081.

United States District Court, W.D. Arkansas, Harrison Division.

Feb. 5, 1992.

---

M. Dale Evans, Pearson, Evans & Chadwick, Fayetteville, Ark., for debtor/plaintiff.

James E. Smith, Jr., Smith Law Firm, A. Leigh Tenney, Little Rock, Ark., for creditors/defendants.

## MEMORANDUM OPINION

H. FRANKLIN WATERS, Chief Judge.

This is an appeal from an order entered September 23, 1991, by the United States Bankruptcy Court for the Western District of Arkansas arising out of the bankruptcy of Larry D. Gould. Mr. Gould appeals from the entry of the order which denied confirmation of his Chapter 13 plan and ruled that he was ineligible to proceed as a debtor under Chapter 13. The order further gave the debtor twenty days in which to convert his Chapter 13 proceeding to a case under either Chapter 7 or Chapter 11 of Title 11 of the United States Code.

The appellee is Gregg, Hart, Farris & Rutledge an unsecured creditor of the debtor. The appellee raises a preliminary issue regarding the appealability of the order entered September 23, 1991. As this issue bears directly on the court's jurisdiction

over this appeal, we will address this issue first.

*Appealability*

This court has jurisdiction to review appeals from final bankruptcy court orders. 28 U.S.C. § 158(a). The Court of Appeals for the Eighth Circuit has listed several factors to be utilized in determining whether an order is final. In *Apex Oil* the court stated:

> The factors used in deciding the finality of a bankruptcy order are the extent to which (1) the order leaves the bankruptcy court nothing to do but execute the order; (2) delay in obtaining review would prevent the aggrieved party from obtaining effective relief; and (3) a later reversal on that issue would require recommencement of the entire proceeding.

*In re Apex Oil Co.*, 884 F.2d 343, 347 (8th Cir.1989).

■ The test for finality is more liberal when applied in the context of a bankruptcy matter. *Id.* at 347. "The unique characteristics of bankruptcy cases have led us to 'consistently consider[ ] finality in a more pragmatic and less technical way in bankruptcy cases than in other situations.'" *F/S AirLease II, Inc. v. Simon*, 844 F.2d 99, 103 (3d Cir.1988), *cert. denied*, 488 U.S. 852, 109 S.Ct. 137, 102 L.Ed.2d 110 (1988) (*quoting, In re Amatex Corp.*, 755 F.2d 1034, 1039 (3d Cir.1985)).

■ Appellees, relying in part on *Maiorino v. Branford Savings Bank*, 691 F.2d 89 (2d Cir.1982), contend the order in question is not final. The *Maiorino* court held that an order denying confirmation of a Chapter 13 plan was not a final order. The order at issue in that case denied confirmation of the Chapter 13 plan but did not dismiss the action. *Id.* at 90. The court noting that another plan might very well be confirmed held the order to be interlocutory. *Id.*

We believe the *Maiorino* case is easily distinguishable from the case before this court. The order in *Maiorino* merely denied confirmation of the debtor's proposed plan and left the Chapter 13 proceeding pending. The order at issue herein effectively ended the debtor's Chapter 13 proceeding by requiring conversion to either a Chapter 7 or 11 proceeding.

As the court in *F/S Airlease II, Inc. v. Simon*, 844 F.2d 99 (3d Cir.1988) noted, "the fact that determination of the disputed issue may require conversion of the procedure from one under Chapter 11 to one under Chapter 7 demonstrated that '[t]he matter ... is not one that can await final resolution of the bankruptcy proceedings.'" *Id.* at 104 (*quoting, In re Comer*, 716 F.2d 168, 172 (3d Cir.1983)). Thus, we find the order final for purposes of appeal and we proceed to the merits of the case.

*Debtor's Eligibility*

Appellant contends that the bankruptcy court erred in finding the debtor ineligible for a proceeding under Chapter 13 of the Bankruptcy Code. Proper consideration of this issue requires a detailed review of the facts.

On July 10, 1991, the debtor filed a voluntary petition for relief under the provisions of Chapter 13.[1] The debtor is a dentist who maintains a practice in Mountain Home, Arkansas. The following debts were listed by the debtor: Internal Revenue Service, Federal Income Tax for the years 1988 and 1989, in the amount of $16,705.64; Arkansas Department of Finance and Administration, State Income Tax for the years 1988 and 1989, in the amount of $9,608.19; a debt to the appellee in the amount of $32,859.29 for attorney's fees; the Institute for Psychological Therapy in the amount of $1,488.00; Kit Williams, Attorney at Law, in the amount of $1,795.90; Pearson, Evans & Chadwick, Attorneys at Law in the amount of $34,771.53; and the Southwestern Institute in the amount of $3,068.28. The debts owed to the taxing authorities were listed as priority debts. The remaining debts were listed as unsecured. The debtor admitted owing each sum with the exception of the amounts owed to the appellees which was marked as being contingent/disputed.

---

1. The docket entry shows a deficient petition was filed on June 25, 1991. The debtor was given until July 10, 1991 to cure the deficiencies.

The debtor is a dentist who maintains a practice in Mountain Home, Arkansas. The debtor's practice is incorporated and on his statement of financial affairs the debtor noted he served "as uncompensated President—receives no income and owns no stock in the corporation." Statement of Financial Affairs for a Debtor engaged in Business 1(a)(2).

On July 18, 1991, the appellees filed an objection to the plan on the basis that it failed to comply with the requirements of 11 U.S.C. § 1325. Specifically, the appellees objected because the plan had not been proposed in good faith and the plan did not provide that all of the debtor's projected disposable income was to be applied to the plan.

On September 13, 1991, the bankruptcy court held a hearing on the appellee's objection to confirmation of the plan. During the hearing, testimony was elicited from the debtor to the effect that at the time of the filing he owed approximately $100,000 in debt to both the IRS and the State. Transcript at 34. According to the debtor, the amounts scheduled were amounts not believed to be dischargeable. *Id.* Additionally, the debtor testified that he did own stock in the corporation but that the stock was pledged to his father to provide security for a debt. Transcript at 63–65. The debtor's father was not listed as a secured creditor nor was the stock listed as an asset. *Id.*

The debt to the appellees represents an award of attorney's fees granted to the debtor's ex-wife in connection with a custody/support proceeding in chancery court.[2] The debtor testified he had appealed, *inter alia,* the chancery court's award of attorney's fees to his ex-wife.

At the conclusion of the evidence the court ruled that the amount of liquidated, non-contingent, unsecured debt exceeded the jurisdictional requirements of Chapter 13; that the debtor's stock in his professional association should be listed as an asset; that the award of attorney's fees to

the appellee was a non-dischargeable debt; and that the debtor would have to convert to a case under Chapter 7 or Chapter 11 or suffer a dismissal of his Chapter 13 case. The court's findings were embodied in the order entered September 23, 1991.

*Chapter 13 Eligibility*

The appellant argues that the court erred in ruling he was not eligible for consideration under Chapter 13. Debtor points out he scheduled $26,705.64 as the undisputed amount owed to the Internal Revenue Service (IRS). It is the debtor's contention that while the IRS may "claim" a different amount, the "claimed" amount is not a "debt" within the meaning of § 109(e) because the claim has not been adjudicated or agreed to by the debtor. Thus, the debtor in essence argues that he need not schedule amounts he substantially disputes. The debtor cites *In the Matter of Pearson,* 773 F.2d 751 (6th Cir.1985) for the proposition that the debtor's schedules on the date of filing control so long as they have been made in good faith.

Section 109(e) sets forth the Chapter 13 eligibility requirements and provides as follows:

(e) Only an individual with regular income that owes, on the date of the filing of the petition, noncontingent, liquidated, unsecured debts of less than $100,000 and noncontingent, liquidated, secured debts of less than $350,000, or an individual with regular income and such individual's spouse, except a stockbroker or a commodity broker, that owe, on the date of the filing of the petition, noncontingent, liquidated, unsecured debts that aggregate less than $100,000 and noncontingent, liquidated, secured debts of less than $350,000 may be a debtor under chapter 13 of this title.

11 U.S.C. § 109(e). "[T]he fundamental purpose of Section 109(e) is to establish the dollar limitations on the amount of indebtedness that an individual with regular income can incur and yet file under chapter

---

**2.** As the court notes *infra,* if the award was to the ex-wife, she would be the creditor—not the appellees.

13." 2 *Collier on Bankruptcy* ¶ 109.05 (Lawrence P. King ed., 15th Ed.1991).

The debtor's schedules reflect $100,-296.83 in debt. The debtor has listed the debt to the appellees in the amount of $32,859.29 as being "contingent/disputed." If this debt is included in the calculation, the debtor's total unsecured debt would exceed the limitation set forth in § 109(e).

■ The debtor asks the court to adopt the holdings in *In re Lambert,* 43 B.R. 913 (Bankr.D.Utah 1984) and *In re King,* 9 B.R. 376 (Bankr.D.Or.1981), to the effect that a debt is not liquidated if there is a substantial dispute regarding liability or amount. We decline to adopt the holding in the *Lambert* and *King* decisions. Rather, the court finds the reasoning of the Bankruptcy Appellate Panel of the Ninth Circuit in *In re Sylvester,* 19 B.R. 671 (9th Cir. BAP 1982) persuasive. In that case the panel held that a "disputed unsecured debt is not excluded when determining whether the $100,000 limitation is exceeded." *Id.* at 673. *See also In re Pennypacker,* 115 B.R. 504 (Bankr.E.D.Pa.1990); *In re Lamar,* 111 B.R. 327 (D.Nev.1990); *In re Teague,* 101 B.R. 57 (Bankr.W.D.Ark. 1989).

■ The debt owed the appellees is a court ordered award of attorney's fees. The pendency of an appeal of this award does not make this debt contingent. *In re Albano,* 55 B.R. 363, 368–69 (N.D.Ill.1985). As this debt is neither contingent or unliquidated, as those terms have been applied, it should be included in the 109(e) eligibility computation. Therefore, the schedules themselves indicate the debtor is not eligible for relief under Chapter 13.

■ Nor does the court believe the bankruptcy court was bound by the amounts set forth by the debtor in his schedules. The debtor relying on *In re Pearson,* 773 F.2d 751 (6th Cir.1985) contends the debtor's schedules on the date of filing control so long as they have been made in good faith. While the court agrees generally with the statements made by the *Pearson* court, we do not believe the court is *bound* by the debtor's schedules. Rather, the court is in

agreement with *Lucoski v. I.R.S.,* 126 B.R. 332 (S.D.Ind.1991). In that case the court ruled that "even if the schedules reflect the eligibility requirements are met, if it is determined within a reasonable time that the debts exceed the statutory maximum, the case must be dismissed, or the debtor may be given the opportunity to convert to a different proceeding under the Bankruptcy Code." *Id.* at 338. The court cannot be bound by the debtor's characterization of the debts for the purposes of eligibility determination. *Id.* at 341.

In the case at hand the debtor characterized appellees' debt as contingent/disputed and listed only that portion of the IRS claim that he believed, for whatever reason, was not dischargeable. To limit the eligibility determination to the debtor's schedules would allow a debtor to avail himself of the protections of Chapter 13 based on his own subjective decisions regarding contingent and liquidated claims.

Next, the debtor suggests that the $100,-000 cap in § 109(e) should be modified in light of *Toibb v. Radloff,* —— U.S. ——, 111 S.Ct. 2197, 115 L.Ed.2d 145 (1991). The court has carefully reviewed the *Toibb* decision and fails to see how that decision supports the debtor's position. In *Toibb* the Court resolved a split of authority and held that a nonbusiness individual debtor qualified for relief under Chapter 11. The Court specifically noted that the Code contained no ongoing business requirement for reorganization under Chapter 11. —— U.S. at ——, 111 S.Ct. at 2199. In so holding the court noted "Congress knew how to restrict recourse to the avenues of bankruptcy relief; it did not place Chapter 11 reorganization beyond the reach of a nonbusiness individual debtor." *Id.*

In this case, Congress not only knew how to limit access to Chapter 13 relief but did so. The statute specifically places limitations on various types of debt. In this instance the debtor exceeds those limitations and is not eligible for relief under Chapter 13.

### Nondischargeability

The debtor advances two arguments with respect to the bankruptcy court's holding

that the $32,859.29 debt for attorney's fees was nondischargeable. First, the debtor contends this issue was not procedurally before the court as the appellees failed to file an adversary proceeding. Second, the debtor argues the appellees lack standing to litigate this issue as the award was made to the ex-wife.

The determination of whether a debt is dischargeable usually requires the filing of a formal adversary proceeding pursuant to Bankruptcy Rule 7001(1). *See also* Bankruptcy Rule 4007. An adversary proceeding is properly commenced by the filing of a complaint with the court. Bank.R. 7003. The summons and complaint must be served on the defendant and the defendant has a specified time to file a responsive pleading. Bankr.R. 7004 and Bankr.R. 7012.

The record reveals that the procedure followed in this case does not comply with that set forth in the Bankruptcy Rules. Courts have frequently concluded "that where the rights of the affected parties have been adequately presented so that no prejudice has arisen, form will not be elevated over substance and the matter will be allowed to proceed on the merits as originally filed." *In re Command Services Corp.*, 102 B.R. 905, 908 (Bankr. N.D.N.Y.1989). This has been particularly held to be true where no objection has been made to the procedural defect. *Id. See also In re Mark Twain Marine Industries, Inc.*, 115 B.R. 948 (Bankr.N.D.Ill.1990).

■ In this instance, however, we decline to view the debtor's lack of objection as a waiver of the procedural infirmities. The hearing before the bankruptcy court on September 13, 1991, concerned the appellees' objection to the confirmation of the debtor's Chapter 13 plan. Nothing in the objection raised the issue of dischargeability of the debt.

Additionally, during the hearing both parties make the assertion that the real party in interest is the ex-wife, *i.e.* the award of fees was made to her. Transcript at 3, 8, 49, 50, 51. If so, the bankruptcy court did not have the proper parties before it when it ruled on the dischargeability of the debt. For these reasons, the court will vacate the portion of the September 23, 1991, judgment ruling on the nondischargeability of the debt.

A separate order in accordance herewith will be concurrently entered.

### ORDER

On this 5th day of January, 1992, came on for consideration the appeal in the above captioned case. The court finds, for the reasons stated in a memorandum opinion of even date that the bankruptcy court's order of September 23, 1991, should be affirmed in part and vacated in part. Accordingly, this matter is remanded to the bankruptcy court.

IT IS SO ORDERED.