2 F.3d 299
 Bankr. L. Rep. P 75,405
In re Harlan A. FICKEN and Christine Ficken, Debtors.
Harlan A. FICKEN; Christine Ficken, Appellants,
v.
UNITED STATES of America, on behalf of its agency, the
FARMERS HOME ADMINISTRATION; J.J. Mickelson,
Chapter 13 Trustee; Wesley B. Huisinga,
United States Trustee, Appellees.
 No. 93-1661.
 United States Court of Appeals,
Eighth Circuit.
 Submitted July 27, 1993.
Decided Aug. 20, 1993.
 
 Harlan A. Ficken and Christine Ficken, pro se.
 Roylene A. Champeaux, Minneapolis, MN, argued (Francis X. Hermann and Roylene A. Champeaux, on the brief), for appellee.
 Before FAGG, BOWMAN, and LOKEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Harlan A. Ficken and Christine Ficken (the Fickens) appeal the district court's order affirming the bankruptcy court's orders rejecting their proposed chapter 13 confirmation plan and lifting the automatic stay from the Fickens' homestead.
 
 
 2
 We have jurisdiction of all final decisions entered by the district court reviewing final bankruptcy court orders. See 28 U.S.C. Sec. 158(d) (1988); Lewis v. United States, Farmers Home Admin., 992 F.2d 767, 771 (8th Cir.1993) (order denying confirmation of a chapter 13 plan and directing debtor to modify plan is not a final appealable order). Although the bankruptcy court did not enter an order dismissing the Fickens' chapter 13 petition, we conclude the bankruptcy court's orders are final and appealable. In contrast to Lewis, the bankruptcy court in this case held the Fickens were not entitled to chapter 13 relief because they have more than $100,000 in unsecured debt. This holding effectively terminated the proceeding on the merits, leaving only the ministerial action of dismissing the Fickens' chapter 13 petition. See id. at 772. Thus, we have jurisdiction to consider the Fickens' appeal.
 
 
 3
 We review the bankruptcy court's decisions of law de novo and its factual findings for clear error. See In re Graven, 936 F.2d 378, 382 (8th Cir.1991). Under 11 U.S.C. Sec. 109(e), only a person with unsecured debts totaling less than $100,000 may be a debtor under chapter 13. See Miller v. United States, Farmers Home Admin., 907 F.2d 80, 81 (8th Cir.1990). Although the Fickens contend the unsecured portion of their undersecured debt does not count against this limit, this court has held to the contrary. Id. at 81-82. The Fickens' unsecured debt exceeds $100,000, and the bankruptcy court properly rejected their confirmation plan. Because we affirm the effective dismissal of the Fickens' chapter 13 petition, the Fickens' challenge to the order lifting the stay is moot. See Olive Street Inv., Inc. v. Howard Sav. Bank, 972 F.2d 214, 216 (8th Cir.1992).
 
 
 4
 Accordingly, we affirm.