# United States Bankruptcy Appellate Panel
## FOR THE EIGHTH CIRCUIT

_____

No. 00-6080 NI
No. 00-6034 NI
No. 00-6031 NI

_____

| | | |
|---|---|---|
| In re: Midland Marina, Inc., | * | |
| | * | |
| Debtor. | * | |
| | * | |
| _____ | * | |
| | * | |
| City of Sioux City, Iowa, | * | |
| | * | Appeals from the United States |
| Respondent-Appellant, | * | Bankruptcy Court for the |
| | * | Northern District of Iowa |
| v. | * | |
| | * | |
| Midland Marina, Inc., | * | |
| | * | |
| Movant-Appellee. | * | |

_____

Submitted: February 21, 2001
Filed: March 26, 2001

_____

Before KOGER, Chief Judge, WILLIAM A. HILL, and DREHER, Bankruptcy Judges.

_____

WILLIAM A. HILL, Bankruptcy Judge.

The City of Sioux City ("City") previously obtained relief from the automatic stay in the debtor's chapter 11 bankruptcy case, and the order granting that relief was the subject of the parties' prior appeal

and cross-appeal. While those appeals were pending before this Court, the bankruptcy court[1] dismissed the debtor's chapter 11 case. As a result, this Court dismissed the pending appeals as moot on July 24, 2000. However, those appeals have been reinstated and consolidated with the City's present appeal of the bankruptcy court's decision to dismiss the case. For the reasons set forth below, we affirm the bankruptcy court's dismissal of the debtor's case, thus rendering moot the appeals concerning relief from the automatic stay.

BACKGROUND

In late 1991, debtor Midland Marina, Inc. entered a lease with the City for the right to possess specified waterfront land for the purpose of operating a marina. Subsequently, the debtor and the City became embroiled in a dispute as to their respective rights and obligations under the lease. The debtor eventually filed a chapter 11 bankruptcy petition on December 8, 1999.

After sixty days had passed postpetition without assumption or rejection of the marina lease by the debtor, the City filed a motion for relief from the automatic stay, asserting that it was entitled to possession of the leased property by operation of 11 U.S.C. § 365(d)(4). By order dated March 31, 2000, the bankruptcy court granted the City's motion for relief from stay. The debtor appealed the relief from stay order to this Court, asserting that 11 U.S.C. § 365(d)(2) governed the time for assumption or rejection of the marina lease because various items of personal property were included in the lease. The City cross-appealed, seeking an order directing the debtor to immediately surrender the leased premises.

Prior to oral argument of the foregoing appeals regarding relief from stay, the debtor moved the bankruptcy court to dismiss its chapter 11 case pursuant to 11 U.S.C. § 1112(b). On June 7, 2000, the bankruptcy court conducted a hearing concerning the debtor's motion to dismiss. At that hearing, the City conceded that sufficient cause existed to dismiss or convert the case, and the debtor's counsel filed several pleadings which purported to be consents to dismissal on behalf of several creditors. Furthermore, the bankruptcy court admitted these consents to dismissal into evidence over the City's hearsay objection.

On July 6, 2000, the bankruptcy court entered an order dismissing the case. As a result, we subsequently dismissed the appeals that were pending at that time as moot by order dated July 24, 2000,

---

[1]The Honorable William L. Edmonds, Chief Judge, United States Bankruptcy Court for the Northern District of Iowa.

specifying that those appeals could be reinstated if the City appealed the bankruptcy court's order of dismissal and obtained a stay pending appeal. The City subsequently satisfied those conditions for reinstatement. As a result, we vacated our order of July 24, 2000, and reinstated the prior appeals concerning relief from the automatic stay, consolidating them with the City's present appeal from the bankruptcy court's order of dismissal.

The City argues that the bankruptcy court erred in failing to convert the case to chapter 7, that the bankruptcy court erred in admitting the consents to dismissal into evidence, and that dismissal of the bankruptcy case does not render moot the appeals regarding relief from the automatic stay. The debtor asserts that the bankruptcy court's dismissal should be affirmed and that the appeals concerning relief from stay are, therefore, moot.

## STANDARD OF REVIEW

On appeal, we review the bankruptcy court's findings of fact for clear error and its conclusions of law *de novo*. Fed. R. Bankr. P. 8013; Hatcher v. U. S. Trustee (In re Hatcher), 218 B.R. 441, 445 (B.A.P. 8th Cir. 1998) (citations omitted); Gourley v. Usery (In re Usery), 123 F.3d 1089, 1093 (8th Cir. 1997); O'Neal v. Southwest Mo. Bank (In re Broadview Lumber Co.), 118 F.3d 1246, 1250 (8th Cir. 1997). Matters committed to the bankruptcy court's discretion will be reversed only if the court abused its discretion. Wintz v. American Freightways, Inc. (In re Wintz Companies), 230 B.R. 840, 844 (B.A.P. 8th Cir. 1999) (citation omitted). "An abuse of discretion occurs if the bankruptcy court fails to apply the proper legal standard or fails to follow proper procedures in making its determination, or if the court bases an award upon findings of fact that are clearly erroneous." Id. (citations omitted). A finding of fact will not be reversed as clearly erroneous unless the reviewing court is left with a definite and firm conviction that a mistake has been committed. Id. (citing Waugh v. Eldridge (In re Waugh), 95 F.3d 706, 711 (8th Cir. 1996)).

## DISCUSSION
### A. Dismissal or Conversion Under 11 U.S.C. § 1112(b)

After notice and a hearing, the bankruptcy court may, for cause, dismiss a chapter 11 case or convert it to chapter 7–whichever is in the best interest of creditors and the estate. 11 U.S.C. § 1112(b). Accordingly, it is appropriate to dismiss a chapter 11 case if cause exists and if dismissal is in the best interest of creditors and the estate. Hatcher v. U.S. Trustee (In re Hatcher), 218 B.R. 441, 448 (B.A.P. 8th Cir. 1998) (citations omitted). "The bankruptcy court has broad discretion in deciding whether to

3

dismiss or convert a Chapter 11 case." <u>Lumber Exch. Bldg. Ltd. Partnership v. Mutual Life Ins. Co. of New York (In re Lumber Exch. Bldg. Ltd. Partnership)</u>, 968 F.2d 647, 648 (8th Cir. 1992) (citations omitted); <u>Hatcher</u>, 218 B.R. at 448 (citations omitted). In the instant matter, the parties stipulated that there was sufficient cause to dismiss or convert the case. The question thus becomes whether the bankruptcy court abused its discretion in deciding to dismiss the case rather than convert it to chapter 7.

The City argues that the bankruptcy court abused its discretion by dismissing the case. However, there has been no showing that the bankruptcy court failed to apply the proper legal standard or failed to employ proper procedures in arriving at its decision to dismiss. Likewise, there has been no showing that the bankruptcy court based its decision on a clearly erroneous finding of fact. As the bankruptcy court noted in its order of dismissal, the debtor's state court claims against the City are potentially the largest assets of the estate, and the debtor's success or lack thereof in prosecuting those claims will likely determine the success or failure of the debtor's attempt to reorganize. Under the circumstances of this case, the bankruptcy court's decision to dismiss appears justified on the grounds that dismissal would allow the debtor an opportunity to fully prosecute its claims against the City in state court. Moreover, we agree with the bankruptcy court's observation that the City's objection to dismissal seems to flow from the City's interest as a litigator rather than from its interest as a creditor. In short, our examination of the record reveals no abuse of discretion by the bankruptcy court. Accordingly, we affirm the bankruptcy court's dismissal of the case.

### B. The Consents to Dismissal

The City argues that it was error for the bankruptcy court to admit into evidence the consents to dismissal offered by the debtor at the June 7, 2000, hearing on the debtor's motion to dismiss. The City relies on <u>In re Continental Holdings, Inc.</u>, 170 B.R. 919, 926 (Bankr. N.D.Ohio 1994) for the proposition that the consents to dismissal constituted inadmissible hearsay. In <u>Continental Holdings</u>, the court excluded from evidence consents to dismissal similar to those at issue in this case on the grounds that they constituted hearsay under Fed. R. Evid. 802. A bankruptcy court's decision to admit evidence is reviewed for abuse of discretion. <u>First Bank Investors' Trust v. Tarkio College</u>, 129 F.3d 471, 476 (8th Cir. 1997) (citing <u>Justice v. Carter</u>, 972 F.2d 951, 956 (8th Cir. 1992)).

Assuming *arguendo* that the bankruptcy court abused its discretion in admitting into evidence the consents to dismissal at issue in this case, such error may nevertheless fail to constitute a proper basis for reversal. <u>See</u> <u>Justice</u>, 972 F.2d at 956 (reversal of an evidentiary ruling is not warranted unless the

4

complaining party was prejudiced by that ruling). Similarly, an erroneous evidentiary ruling is subject to harmless error review. First Card v. Carolan (In re Carolan), 204 B.R. 980, 987 (B.A.P. 9th Cir. 1996); 28 U.S.C. § 2111.[2] In this case, although the City asserts that the bankruptcy court erred in admitting the consents to dismissal into evidence, the City has not alleged that it was prejudiced in any way by the bankruptcy court's evidentiary ruling. Moreover, the bankruptcy court's order of July 6, 2000, reveals that the consents to dismissal played little part in the bankruptcy court's decision to dismiss the case. Accordingly, any error which might have occurred regarding admissibility of the consents to dismissal was harmless.

### *C. Mootness*

Our affirmance of the bankruptcy court's decision to dismiss the underlying chapter 11 case renders moot the companion appeals regarding relief from the automatic stay. Olive Street Investment, Inc. v. Howard Savings Bank, 972 F.2d 214, 216 (8th Cir. 1992) ("Once the bankruptcy proceeding is dismissed, neither the goal of a successful reorganization nor the debtor's right to the automatic stay continues to exist. Accordingly, it no longer serves any purpose to determine whether the bankruptcy court properly lifted the automatic stay; the appeal has become moot."); see also Ficken v. United States (In re Ficken), 2 F.3d 299, 300 (8th Cir. 1993).

### CONCLUSION

For the reasons discussed, we affirm the bankruptcy court's decision to dismiss the debtor's chapter 11 case. Accordingly, the companion appeals concerning relief from the automatic stay are dismissed as moot.

A true copy.

Attest:

CLERK, U.S. BANKRUPTCY APPELLATE PANEL,
EIGHTH CIRCUIT

---

[2]28 U.S.C. § 2111 states: "[o]n the hearing of any appeal or writ of certiorari in any case, the court shall give judgment after an examination of the record without regard to errors or defects which do not affect the substantial rights of the parties."