**In re Stanley W. HARGROVE
and Tamara L. Hargrove.**

**No. 4:10–bk–13342M.**

United States Bankruptcy Court,
E.D. Arkansas,
Little Rock Division.

March 7, 2011.

O.C. Rusty Sparks, Clark, Byarlay & Sparks, Little Rock, AR, for Debtor.

## *AMENDED AND SUBSTITUTED ORDER*

JAMES G. MIXON, Bankruptcy Judge.

On May 6, 2010, Stanley W. Hargrove and Tamara L. Hargrove (Debtors) filed a voluntary petition for relief under the provisions of Chapter 13 of the United States Bankruptcy Code. On August 12, 2010, Steve and Herbert Jones (Creditors) filed a motion to dismiss the Chapter 13 case on the grounds that the Debtors were not eligible to file a Chapter 13 case because their total unsecured debt exceeded the limits imposed by 11 U.S.C. § 109(e).

A hearing on the motion to dismiss was held in Little Rock, Arkansas, on September 30, 2010, and on December 14, 2010. At the conclusion of the hearings the matter was taken under advisement. Both parties have submitted written briefs for the Court's consideration.

The proceeding before the Court is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) (2010) and the Court has jurisdiction to enter a final judgment in this matter.

## I.

### FACTS

The Debtors' schedules list total unsecured and under secured claims of $310,140.18. (Jt. Ex. 1.) The claim of the objecting Creditors, while scheduled at $150,000.00, was filed in the sum of $227,244.67, which is $77,244.67 more than the scheduled amount. The Debtors scheduled several debts that had no corresponding claim filed. According to the Chapter 13 Trustee's records claims filed to date, including the Creditors' claim of $227,244.67, total $335,722.42. (Jt. Ex. 3.) [1]

None of the debts were scheduled as contingent or unliquidated and none of the claims, except one, have been objected to based on the amount or the characterization of secured or unsecured.[2] The deadline for filing objections to claims has passed.

## II.

### ARGUMENT

The Debtors argue, for purposes of the eligibility requirement of 11 U.S.C. § 109(e), this Court should look only to the debts listed by the Debtors on the petition, unless the evidence shows that the filings were made in bad faith.

The Creditors argue that for purposes of the eligibility requirement of 11 U.S.C. § 109(e), the Court should combine the amount of claims filed with the amount of debts that are scheduled by the Debtors under oath when no claim has been filed. Using this method of calculation, the total comes to $392,553.39. (Creditor's Brief.) This amount of unsecured debts exceeds the limit set by 11 U.S.C. § 109(e) and the case should be dismissed.

## III.

### DISCUSSION

11 U.S.C. § 109(e) sets forth eligibility requirements for Chapter 13 relief. This section provides in relevant part:

---

1. The Trustee uses the total claims filed and/or the schedules depending on the posture of the case to determine when she might object on the grounds of excess debt. (Tr. 9/30/10 at 40–45.)

2. The claim of AFC Finance was scheduled in the sum of $12,000.00; however, the creditor filed a claim of $75,053.72. The Debtors objected and the claim was settled for $7,530.22. (Tr. 12/14/10 at 25–26; Jt. Ex. 1 & 5).

Only an individual ... that owes, on the date of the petition, non-contingent, liquidated, unsecured debts of less than $360,475.00 ... may be a debtor under chapter 13 of this title.[3]

■■■ The Debtors have the burden of proof to establish their eligibility for relief under the provisions of 11 U.S.C. § 109. *Montgomery v. Ryan (In re Montgomery),* 37 F.3d 413, 415 (8th Cir.1994); *Tim Wargo & Sons, Inc. v. Equitable Life Assurance Soc'y of the United States (In re Tim Wargo & Sons, Inc.),* 869 F.2d 1128, 1130 (8th Cir.1989). The eligibility requirements of 11 U.S.C. § 109 are not jurisdictional. *In re Montgomery,* 37 F.3d at 415; *Rudd v. Laughlin,* 866 F.2d 1040,1042 (8th Cir.1989).

11 U.S.C. § 109(e) plainly states that the debt limitation is to be determined as of "the date of the filing of the petition." 11 U.S.C. § 109(e); see also 1 Keith B. Lundin, Chapter 13 Bankruptcy § 12.1 (3d ed. 2000 & Supp. 2004). However, the statute gives no guidance as to what evidence the court should properly look to in making this determination.

Judge Lundin, in his treatise on Chapter 13 bankruptcy, points out that there are not many satisfactory solutions to the issue, explaining that many cases hold the debt limitations should be measured as of the date of the petition and that eligibility should not be based on allowed claims; however, repeatedly courts use events occurring after the petition to change the amounts or characterization of the debts. 1 Keith B. Lundin, Chapter 13 Bankruptcy

§ 12.1 (3d ed. 2000 & Supp. 2004.) The Eighth Circuit has declined to address the issue before this Court. See *In re Miller,* 907 F.2d 80 (8th Cir.1990) ("we need not decide at this time whether the applicability of the debt limitation is to be determined by the debtor's good faith filings alone or whether a factual issue could be raised as to the debtor's evaluation of his secured and unsecured debts and the property serving as security").

The District Court for the Western District of Arkansas observed:

> [W]e do not believe the court is bound by the debtor's schedules ... [because] even if the schedules reflect the eligibility requirements are met, if it is determined within a reasonable time that the debts exceed the statutory maximum, the case must be dismissed.... The court cannot be bound by the debtor's characterization of the debts for purposes of eligibility determination.

*Gould v. Gregg, Hart, Farris & Rutledge (In re Gould),* 137 B.R. 761, 765 (W.D.Ark. 1992).[4]

The Eighth Circuit Bankruptcy Appellate Panel stated that,

> [r]ather than making final determinations on disputed liabilities, it is appropriate for a court considering eligibility to rely primarily upon a debtor's schedules and proofs of claim, checking only to see if these documents were filed in good faith. In so doing, however, the court should neither place total reliance upon a debtor's characterization of a

---

**3.** Pursuant to 11 U.S.C. § 104(a) this sum is adjusted for inflation every three years beginning April 1, 1998. The number $360,475.00 applies to cases filed after April 1, 2010. 2 Collier on Bankruptcy SA–DOLLAR–1 (Alan N. Resnick & Henry J. Sommer eds., 16th ed.)

**4.** In *Gould,* the debtor's petition on its face shows the debtors owed unsecured debts in

excess of the eligibility requirements. The debtors characterized part of the IRS claim as not liquidated because it was disputed; however, the court rejected the debtors re-characterization because *disputed* claims are not the same as *non-liquidated* debts. (137 B.R. at 764).

debt nor rely unquestionably on a creditor's proof of claim, for to do so would place eligibility in control of either the debtor or the creditor. At a hearing on eligibility, the court should thus, canvass and review the debtor's schedules and proofs of claim, as well as other evidence offered by a debtor or the creditor to decide only whether the good faith, facial amount of the debtor's liquidated and non-contingent debts exceed statutory limits.

*Barcal v. Laughlin (In re Barcal)*, 213 B.R. 1008, 1015 (8th Cir. BAP 1997)(internal citations omitted).

## IV.

## ANALYSIS

■ The Creditors cite no case law to support their method of calculating eligibility by combining the amount of claims scheduled but not filed with the amount of the claims filed. Such a method does not appear equitable. Therefore, this Court will first examine the honesty of the Debtor in the preparation of the petition and the schedules. See 1 Keith B. Lundin, Chapter 13 Bankruptcy § 13.1 (3d ed. 2000 & Supp. 2004.) Unless there is a showing of bad faith, the Debtor's schedules are sufficient for purposes of determining eligibility requirements.

■ Although the Court has examined evidence beyond the amount listed on the schedules, it was unnecessary because no bad faith was established. Rather, the schedules demonstrate that the Debtors were diligent and thorough in listing the debts they owed. There were several scheduled debts that had no corresponding claim listed. Of the debts scheduled, they generally closely matched the amount of the claims filed with the exception of the Creditor's claim.

The Debtors stated they did not know the exact amount of the Creditors' claim so they scheduled the sum of $150,000.00 which was the principle amount of the note. The reason the Creditors' claim is so much higher than the scheduled amount is based on accrued interest from the date the note was reduced to a judgment. However, the judgment was not made a part of the record. The evidence does not indicate any bad faith or attempt to manipulate the amount of debt to achieve eligibility. The parties have stipulated that no issue exists as to contingent or disputed debts and no dispute exists as to the characterization of the scheduled debts as secured or unsecured.

The total amount of unsecured claims filed and not objected to are within the eligibility requirements and the total amount of unsecured debts scheduled are within the eligibility requirements.

## V.

## CONCLUSION

Therefore, based on the evidence presented to the Court, the Debtors have satisfied their burden of proof and meet the eligibility requirements of 11 U.S.C. § 109(e) for unsecured debt. The motion to dismiss is denied.

IT IS SO ORDERED.